<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN V. CARUSO, | : | **Hon. Anne E. Thompson** |
| | : | |
| Petitioner, | : | Civil No. 11-2066 (AET) |
| | : | |
| v. | : | |
| | : | |
| CHARLES ELLIS, | : | **OPINION** |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES**:

> JOHN V. CARUSO, 507305 NE 2L
> Mercer County Correction Center
> P.O. Box 8068
> Trenton, New Jersey  08650
> Petitioner <u>Pro</u> <u>Se</u>

**THOMPSON**, District Judge:

Petitioner John V. Caruso filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. §

2254 challenging his incarceration at Mercer County Correction Center in Trenton, New Jersey,

as a result of a February 4, 2011, order of the Superior Court of New Jersey, Mercer County,

denying bail without prejudice.  For the reasons expressed below, this Court will construe the

matter as a habeas petition pursuant to 28 U.S.C. § 2241, dismiss the petition without prejudice

to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies

available in the courts of the State of New Jersey, and deny a certificate of appealability.  <u>See</u> 28

U.S.C. § 2254, Rule 4.

**I.  BACKGROUND**

The Petition before this Court, dated March 31, 2011, is a § 2254 form.  Petitioner

challenges a February 4, 2011, order in State v. Caruso, Crim. No. 11-0029 order (N.J. Super.

Ct., Law Div. Feb. 4, 2011), denying bail without prejudice.  (Docket Entry #1-1, p. 2.)  The

challenged February 4, 2011, order is attached to the petition, as are several other documents

from the state criminal case:  (1) Complaint-Warrant for Petitioner's arrest on January 1, 2011,

charging him with the following crimes on January 1, 2011:  robbery with a knife, stabbing

victim in the hand in the course of a theft, possession of a knife with the purpose to use it to stab

victim; (2) Petitioner's notice of motion in State v. Caruso for speedy trial; (3) Petitioner's

motion in State v. Caruso for bail reduction.   (Docket Entry #1-1, pp. 6, 7, 8.)

Petitioner challenges the February 4, 2011, order on the following grounds:

> Ground One:  HELD ON UNSIGNED, UNSWORN WARRANT.

> Ground Two:  DENIAL OF BAIL.

> Ground Three:  SPEEDY TRIAL.

> Ground Four:  CRUEL AND UNUSUAL PUNISHMENT.

(Docket Entry #1, pp. 5, 7, 8, 10.)

Petitioner states that he did not exhaust any of these claims before the New Jersey courts

because he cannot get a hearing, the court is ignoring his motions, and it is pointless to appeal to

an oblivious court.  (Docket Entry #1, pp. 6, 7, 9, 10.)

**II.  STANDARD OF REVIEW**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v.

Scott, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief

2

available to the petitioner, state the facts supporting each ground, state the relief requested, and

be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241

petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d

Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 accordingly requires the Court to

examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### III.  DISCUSSION

A.  Jurisdiction

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a

pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried

state indictment.  See Maleng v. Cook, 490 U.S. 488, 490 (1989); Braden v. 30th Judicial Circuit

Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983);

Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).  This Court has jurisdiction over the

Petition under 28 U.S.C. § 2241 and construes the Petition as such.  While this Court has

jurisdiction under 28 U.S.C. § 2241 to entertain this pretrial habeas corpus Petition, it is clear

that such relief should not be granted.  Petitioner asks this Court to grant pretrial habeas relief

based on four grounds, i.e., he is confined on an unsworn and unsigned warrant, delay in pretrial

proceedings violates his right to a speedy trial, state court has denied release on bail, his

incarceration constitutes cruel and unusual punishment.  The problem with the Petition is that

3

"federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  Indeed, "for purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief.  See Moore, 515 F.2d at 448.  Moreover, the doctrine of Younger v. Harris, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[1]  As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ.  We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States.  The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it.  That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

Ex parte Royall, 117 U.S. at 251.

---

[1] In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances.  See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention doctrine applies to declaratory judgment actions).

The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Moore, 515 F.2d at 449.  As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of the right to a speedy trial,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.   Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).[2]

As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will summarily dismiss the Petition.

---

[2] In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial.  The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  Id. at 861.

B. Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

*/s/ Anne E. Thompson*
**ANNE E. THOMPSON, U.S.D.J.**

Dated: April 15, 2011